IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. Singletary, | ) | |
| | ) | C/A No. 0:18-0024-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| S.C.D.C., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Mr. Singletary is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at Broad River Correctional Institution in Columbia, South Carolina. Plaintiff filed the within action on January 2, 2018, asserting that his constitutional rights were violated in connection with a disciplinary hearing. On February 1, 2018, Plaintiff was directed to bring his case into proper form by (1) paying the filing fee or completing an application to proceed without prepayment of fees; (2) submitting a financial certificate should he seek to proceed without prepayment of fees; (3) completing a summons form; (4) completing a Form USM-285; (5) completing and signing a standard complaint form; and (6) signing and returning answers to Local Civil Rule 26.01, D.S.C. interrogatories. Plaintiff did not comply with the proper form order. Accordingly, the action was dismissed without prejudice by order filed March 20, 2018.

On May 17, 2018, Plaintiff filed a motion for reconsideration. Plaintiff's motion was denied as untimely because it was not filed within twenty-eight days after entry of judgment. Fed. R. Civ. P. 59(e). Moreover, Plaintiff's argument in the motion for reconsideration appeared to apply to a different action, that being Singletary v. South Carolina, C/A No. 0:15-4982-MBS.

This matter now is before the court on motion to reopen the case, which motion was filed on

March 21, 2019. Plaintiff's allegations appear to relate to the loss of property, which allegations were asserted in a previous case, Singletary v. Brown, C/A No. 0:15-1188-MBS. On June 16, 2015, the court summarily dismissed the complaint in C/A No. 0:15-1188-MBS. on the grounds that SCDC policies provide an adequate post-deprivation remedy for prisoners who assert claims of deprivation of property without due process of law.

As with Plaintiff's previous motion for reconsideration, Plaintiff's motion to reopen case raises no argument relevant to the within action. As to C/A No. 0:15-1188-MBS, the motion lacks merit for the reasons set forth in the court's June 16, 2015 order. Plaintiff's motion to reopen (ECF No. 23) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

November 8, 2019